IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHERI L. MINOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-622-GMB |
| | ) | [WO] |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sheri L. Minor is appearing in this appeal *pro se* and seeking judicial review of the denial of her claim for supplemental security income under Title XVI of the Social Security Act. Doc. 1. The parties have consented to the entry of a final judgment by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and Rule 73.1 of the court's Local Rules. Docs. 9 & 10. Because the decision of the Commissioner of Social Security (the "Commissioner")[1] is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

## I. STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards."

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

*Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440). The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465, at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)). The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465, at *2 (citing

*Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. DISCUSSION

**A.     Facts**

On February 14, 2011, Minor filed a Title II application for a period of disability and disability insurance benefits as well as a Title XVI application for supplemental security income. Doc. 14-2 at 19. In both applications, Minor alleged a disability due to back and feet problems, bipolar disorder, post-traumatic stress disorder, asthma, chronic obstructive pulmonary disease ("COPD"), and panic attacks with an alleged onset date of January 1, 2009. Doc. 14-2 at 19 & 22. Her claims were denied at the initial administrative level and on appeal by decision of an Administrative Law Judge ("ALJ") dated October 24, 2012.[2] The Appeals Council upheld the ALJ's October 24th decision on February 21, 2013. Doc. 14-2 at 19.

On March 22, 2013, Minor filed a second Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. Doc. 14-2 at 19. In both applications, Minor claimed a new disability onset date of September 1, 2012. Doc. 14-2 at 19. These claims were denied at the initial administrative level on June 11, 2013. Doc. 14-2 at 19.

Minor requested a hearing before an ALJ, which was held on September 9, 2014. Doc. 14-2 at 19. The claimant appeared at the hearing with her attorney and testified. Doc.

---

[2] The October 24, 2012 opinion was issued by ALJ David L. Horton, while the decision presently before the court was issued by ALJ Perry Martin. Docs. 14-2 at 18 & 14-3 at 4.

3

14-2 at 19. A vocational expert appeared at the hearing and testified as well. Doc. 14-2 at 19.

At the hearing, Minor amended her disability onset date from September 1, 2012, to her protected filing date of March 22, 2013. Doc. 14-2 at 19. Because of this change, Minor would not have been entitled to the claimed period of disability and disability insurance benefits because she would not have disability insured status on the date of onset. Doc. 14-2 at 19. Therefore, Minor, through her attorney, voluntarily withdrew her hearing request as it pertained to her Title II application for a period of disability and disability insurance benefits, making the initial administrative denial of her Title II application the final decision of the Commissioner. Doc. 14-2 at 19. The ALJ then dismissed her hearing request as to that claim and addressed only Minor's remaining claim for supplemental security income under Title XVI. Doc. 14-2 at 19–20.

By decision dated November 12, 2014, the ALJ denied Minor's supplemental security income claim. Doc. 14-2 at 19–29. In his decision, the ALJ found that Minor suffered from the severe impairments of COPD, degenerative disc disease, anxiety-related disorder of post-traumatic stress disorder, and bipolar disorder, but that none of those impairments or a combination of those impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). The ALJ further concluded that Minor has the residual functional capacity ("RFC") to

> perform light work as defined in 20 C.F.R. § 416.967(b), with abilities, limitations and restrictions to include the following: no climbing of ladders, ropes and scaffolds; occasional climbing of ramps and stairs; occasional

4

> balancing, kneeling, crouching, crawling, and stooping; avoid concentrated exposure to extreme heat and cold; avoid concentrated exposure to humidity; avoid even moderate exposure to fumes, odors, chemicals, gases, dusts, and poorly ventilated areas; avoid hazardous machinery and unprotected heights; can understand, remember and carry out short and simple instructions, but is unable to do so with detailed or complex instructions; can perform simple, routine, repetitive tasks, but is unable to do so with detailed or complex tasks; can have no more than occasional, casual contact with the general public; can accept constructive, non-confrontational supervisory criticism; can deal with changes in the work place if they are introduced occasionally, gradually and are well explained; and may be expected to miss one-to-two days of work per month due to impairments.

Doc. 14-2 at 25. The ALJ ultimately concluded that—considering Minor's age, education, work experience, and RFC—there are jobs that exist in significant numbers in the national economy that she can perform. Doc. 14-2 at 28. Consequently, the ALJ concluded that Minor is not disabled within the meaning of the Social Security Act and denied her Title XVI claim. Doc. 14-2 at 28–29.

**B.    Issues Presented**

On August 3, 2016, the court entered an order granting Minor *in forma pauperis* status and also directing the parties to file briefs addressing the issues in this case. Doc. 3. Specifically, Minor was ordered to file a brief containing a section entitled "Statement of the Issues" and to identify in this section each issue she is challenging in separately numbered paragraphs. Doc. 3. Minor was warned that any issue not presented in this section would not be considered by the court. Doc. 3.

Minor did not comply with these formatting directives. Nevertheless, the court is sensitive to the fact that Minor is proceeding *pro se*, and therefore it will not reject her appeal solely on this technicality. Indeed, Minor at least attempted to comply with the

court's August 3 order by filing a neatly handwritten brief setting forth various complaints about the ALJ's decision. Having carefully and leniently reviewed this brief, the court concludes that Minor is challenging the ALJ's decision on the bases that he applied improper legal standards and that his decision is not supported by substantial evidence in the record. Doc. 12. The Commissioner has addressed these issues in a responding brief. Doc. 13.

After thoroughly reviewing the record and the parties' arguments, and for the reasons stated herein, the court finds that the ALJ applied proper legal standards and his decision is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed, as set forth below.

**C. Analysis**

To qualify for supplemental security income benefits, a claimant must show she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(3)(D).

> [A]n individual shall be determined to be under a disability only if [her] physical or mental . . . impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether

such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.

42 U.S.C. § 1382c(3)(B). Minor bears the ultimate burden of proving that she is disabled, and she is responsible for producing evidence to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation?
(5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

The ALJ concluded that Minor had severe impairments but that she retained the RFC to perform light work, with certain limitations, and that there were jobs that exist in significant numbers in the national economy that she could perform such that she is not

7

disabled within the meaning of the Social Security Act. Doc. 14-2. From a review of the ALJ's decision, the court concludes that he applied the proper legal standards and that he explained his findings thoroughly and sufficiently. The ALJ concluded that Minor's severe impairments could reasonably be expected to cause her alleged symptoms but that her statements and other allegations concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. The ALJ then provided thorough reasoning for this conclusion, stating:

> In terms of the claimant's alleged disability, I point out that no treating, examining or reviewing doctor has indicated that the claimant was disabled or otherwise unable to perform work related activities. I see no significant deterioration in her overall functional status since she was previously found to be not disabled by decision of an Administrative Law Judge in October 2012. A physician assistant completed a charity care disability form reporting that the claimant was disabled for at least one year, but this was in the context of a charity care application and is not reflected in her treatment records. The medical evidence of record confirms that her chronic obstructive pulmonary disease is no more than moderate in severity, which is further documented by valid pulmonary function test results. When seen for the URI in January 2013, the claimant had intact, normal range of motion of her musculoskeletal system. Psychiatrically, the claimant had normal mood and affect, normal behavior, and normal judgment and thought content. In April 2013, she had normal chest x-ray and clear lungs. She responded well to medication, and was assessed as well-developed, well-nourished, and in no acute distress. When seen July 4, 2014, with complaints of allergic reaction secondary to eating a piece of squash, the claimant reported no back pain, and no headaches or neurological symptoms. Physical exam revealed normal musculoskeletal strength, normal musculoskeletal range of motion, cooperative psychiatric status, and a non-tender back. Electrocardiogram results were unremarkable, and chest x-rays revealed no acute disease process. When seen on July 15, 2014, the claimant had moderate wheezing, but otherwise normal physical and psychiatric examinations.
>
> Further, the claimant is able to take care of her personal needs in terms of daily functioning. She reported that she tries to be self-sufficient, and also that she prepares simple meals, does some housework, travels outside the home on a daily basis, shops, can manage finances, watches television, and

socializes with others. In addition, I see the existence of no condition or conditions that would necessitate that the claimant lie down five to six times daily for up to 20 minutes at a time.

Minor has not pointed to any evidence contradicting these findings, and the court is satisfied that the proper legal standards were applied and that these conclusions are supported by substantial evidence in the record.

As to opinion evidence, the ALJ stated the weight he gave to the opinions and the reasons for assigning that weight. Specifically, the ALJ explained:

I give little weight to the report of Dr. Saxon as it relates to any functional limits because it appears that the doctor relied on the claimant's protestations in reaching his conclusions.

Pursuant to SSR 96-6p, I have considered and given considerable weight to the June 2013 opinion of Joanna Koulianos, Ph.D., who reported that the claimant would have mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and no repeated episodes of decompensation, each of extended duration. The doctor's opinion is consistent with the claimant's treatment records that document her to have generally normal psychiatric status with no more than generally mild to moderate symptoms that are expected results of physiological, environmental or familiar stressors. Dr. Koulianos' opinion was reasonably supported by the evidence available at that time, reasonably supported by the evidence obtained since that time, and supportive of the decision being rendered herein.

Again, having reviewed the record, the court is satisfied that the proper legal standards were applied when evaluating opinion evidence and that the ALJ's conclusions are supported by substantial evidence.

While the court finds that the ALJ's decision applied proper legal standards and is supported by substantial evidence, the court would be remiss not to express its concern over the ALJ's failure to address Minor's inability to pay for medical treatment for her

impairments. Minor testified multiple times that she could not afford treatment, and her medical records reflect this as well. The ALJ relied on the fact that Minor has "no continuing mental health treatment" to conclude that her mental impairments are not sufficiently severe to meet one of the listings. Doc. 14-2 at 24.

It is well settled in this Circuit that "poverty excuses noncompliance" with prescribed medical treatment. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1998). "Additionally, when an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (citing *Dawkins*, 848 F.2d at 1214). The ALJ did not engage in this analysis here.

However, this failing does not undermine the overall sufficiency of the ALJ's decision because his conclusion that Minor is not disabled was not significantly based on a finding of noncompliance with prescribed medical treatment. Indeed, while the ALJ, in finding that Minor's mental health impairments were not sufficiently severe to meet a listing, noted that she did not have continuing mental health treatment, a review of his decision shows that this finding was based primarily on other factors. Specifically, the ALJ stated:

> In reaching these conclusions, I adopt the June 2013 findings of psychologist Joanna Koulianos, Ph.D., and for the same reasons. The claimant's treatment records do not reflect more than mild to moderate limits regarding the B criteria. Indeed, when seen at Shelby Baptist in January 2013, the claimant had normal mood and affect, normal behavior, and normal judgment and

> thought content. When seen in July 2014, the claimant had cooperative psychiatric status with no reports of abnormalities. There is no continuing mental health treatment. The medical evidence of record does not document any extended episodes of decompensation. The claimant apparently participated in a residential substance abuse treatment program in the spring of 2011, but there is no information regarding the dates and precise nature of this treatment. The claimant's treatment records do not show inpatient or intensive psychiatric treatment or any prolonged episodes of exacerbated emotional symptoms.

Doc. 14-2 at 24. Moreover, the ALJ explicitly stated that he based his finding of "not disabled" on the testimony of a vocational expert and Minor's RFC, age, educational background, and work experience. Doc. 14-2 at 28. The Eleventh Circuit addressed a similar issue in *Ellison v. Barnhart* and found that an ALJ's failure to consider a claimant's ability to afford medications was not reversible error when the ALJ's finding of "not disabled was not significantly based on a finding of noncompliance." 355 F.3d at 1275. The *Ellison* court explained that the ALJ's duty to consider the claimant's ability to afford the prescribed medical treatment comes into play when the ALJ's denial of a disability claim "relied 'primarily if not exclusively' on evidence pertaining to the claimant's noncompliance with prescribed medical treatment." *Id.* (quoting *Dawkins*, 848 F.2d at 1212). Since the ALJ's decision here did not rely primarily or exclusively on Minor's failure to obtain treatment, the ALJ's failure to consider her ability to afford medical treatment is not reversible error.

### III. CONCLUSION

The court has carefully and independently reviewed the record, leniently interpreting Minor's *pro se* challenge to the Commissioner's decision. Upon this review, and for the reasons stated above, the court finds that the decision of the Commissioner is

due to be and hereby is AFFIRMED.  A final judgment consistent with this opinion will be entered separately.

DONE this 28th day of November, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE